IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

In Eric H. Richmond, Debtor.

Eric H. Richmond, LLC, Appellant,

v.

P.B. # 7, et al., Appellees.



RECEIVED FEB 20 2015 PRO SE OFFICE

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**RESPONSE OF APPELLANT, TO ORDER TO SHOW CAUSE**

ERIC H. RICHMOND
APPELLANT, PRO SE

**TO:  THE HONORABLE BRIAN M. COGAN,
UNITED STATES DISTRICT JUDGE**

Appellant, Eric H. Richmond, hereby respectfully files its response to this Court's order to show cause.

Page # 1

## I. SUMMARY STATEMENT

The Court has directed the parties in these Chapter 13 bankruptcy appeals to show cause why the Chapter 13 appeals of an order lifting an automatic stay and and denying reconsideration of same should not be dismissed for mootness, either Constitutional or Equitable.

Appellant has these two appeals in District Court appealing the lifting of the automatic stay and the denial of reconsideration of lifting the automatic stay and one appeal in process appealing the denial of the motion for a stay pending appeal.

The appeals sound in alleged repeated violations of due process by the bankruptcy court as well as a failure to address Rooker Feldman and res judicata exception.

## II. BACKGROUND

On August 13, 2014 the Bankruptcy court issued a modified order lifting the automatic stay in the Chapter 13 case.

Appellant appealed that decision on due process grounds, among other things.

Appellant made motion to reconsider decision which was denied.

Appellant appealed the denial of motion to reconsider on due process grounds, among other things.

On September 25, 2014 Debtor made motion to the Bankruptcy Court for a stay pending appeal citing due process, among other things.

On September 26, 2014 the Bankruptcy Court issued a scheduling order requiring that Appellee respond to the Motion for Stay Pending Appeal by October 3rd and that order did not allow any time, let alone the customary seven days afforded on all other motions over two years for Appellant to reply.

On October 1, 2014, PB #7 filed Affirmation in Opposition to Stay Pending Appeal that reached Appellant on October 3, 2014.

On October 8, 2014, within the customary 7 day window to file a reply, Appellant filed a reply to the PB #7 response.

On October 10, 2014 the Bankruptcy Court denied the motion for a stay pending appeal without addressing or acknowledging the timely filed paper of October 8, 2014. That decision was appealed.

On October 21, 2014, Appellant moved this court for a stay pending appeal alleging due process, perjury and fraud, among other things. This court denied the motion finding that the Appellant had all the indicia of a serial filer without addressing **ANY** items let alone the items that should mitigate a

serial designation (due process, perjury or fraud or anything else for that matter).

On January 20, 2015 the property subject to the stay allegedly lifted in violation of due process was sold.

### III. DISCUSSION

#### A. OUTSIDE THE RECORD

In the order to show cause being addressed, the court has used a "blog" article as the basis for the Order To Show Cause. No such "blog" article was part of the record on appeal and the federal and state courts have repeatedly found courts may not use things outside the record as a basis for action as it impacts due process and, at a minimum, the appearance of impropriety by the court.

The Article listed does not even state that the closing has occurred yet, just that a deposit was paid, making this court's use of such an article even more specious. That this court searched outside the record on a weekend (Feb 8, 2015) to grab information is beyond the pale.[1]

---

[1] Urbandictionary.com: The phrase "beyond the pale" dates back to the 14th century, when the part of Ireland that was under English rule was delineated by a boundary made of such stakes or fences, and known as the English Pale. To travel outside of that boundary, beyond the pale, was to leave behind all the rules and institutions of English society, which the English modestly considered synonymous with civilization itself.

At a minimum, if one is going to use inappropriate sources one should both hold a hearing on the admissability of that item outside the record before acting on it and also due diligence requires the court dig into the links and comments flowing from the "blog" article. The "blog" links to an article on another site that says:

> The Brooklyn Lyceum was slated for a bankruptcy auction yesterday because an unfair court system had ignored our allegations of fraud, perjury and misrepresentation as well as our allegation that the state court was not allowed to enter any decision at all, let alone the one it did enter. In essence, the court lacked the jurisdiction (the right) to rule on anything in a case that was abandoned.
>
> ...
>
> The issue, a judge's right to enter a judgment in what is, by definition of state law, an abandoned case, is central enough to the core principles of the constitution that the sale would be unwound if successful. This could take a few more years.[2]

If this court wishes to issue such an Order to Show Cause it should do so with evidence on the record, not grabbed from unofficial sources, maybe a government website, but especially not a private "blog", Appellant's or otherwise.

The fact is the opposing party, PB #7, did not raise the motion prior to the filing of their Appellee Response Brief ("sale" occurred on Jan 20, 2015 and PB #7 filed their response papers on Jan 21, 2015) or before Appellant filed Appellant Reply Brief on Jan 28, 2015 is telling. If the Appellee did not raise

---

[2] This is from the Appellant's website :
http://brooklynlyceum.com/crisis/brooklyn-lyceum-building-sold-at-auction, but I guess any blog counts as valid information source for judicial review.

an issue prior to the closure of the record on appeal, why is the court looking outside the four corners of the appeal and out into the internet, the wild, wild west of our time. If "anything" is acceptable for the Record on Appeal then the Appellant's ongoing battles with the Bankruptcy Court over the content of the record on the instant appeals as well as others is irrelevant and a waste of time.

## B. CONSTITUTIONAL MOOTNESS
### any effectual relief whatsoever

> "In this regard, the Supreme Court has instructed that "[i]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed" as moot. *Church of Scientology*, 506 U.S. at 12, quoting *Mills*, 159 U.S. at 653; *Chateaugay*, 988 F.2d at 325." **(emphasis added)**

The question is, with the sale of the property, is there "**any effectual relief whatever**" that can be granted.

Absent the lifting of the stay, Appellant could not be found in contempt or be imprisoned for said contempt.

1. Lifting of stay on August 13, 2014 (effective 2 weeks later on August 27, 2014) allowed receiver to renew pursuit of contempt charges on Appellant.

2. State Court Judge Kurtz subsequently found Appellant guilty of contempt and threatened Appellant with arrest for such continued contempt.

Motion #009 02/07/2013 PLAINT Punish For Contempt Open:Before
Justice: KURTZ

3. Most recent hearing on continued Contempt was January 15, 2015.

4. Next Hearing on continued Contempt Motion (#009) is scheduled for March 5, 2015.

> County: Kings
> Justice(s) Selected: DONALD S. KURTZ (PT.26)
> Date Range Selected: 03/05/2015 - 03/05/2015
> Open Case(s) without future appearance(s): NO
> Thursday March 05, 2015
>   010035/2008 - P.B.#7 LLC, vs. 231 FOURTH AVENUE LYCEUM LLC
> County: Kings / Part: MOTION TRIAL TERM 26
> Justice: DONALD S. KURTZ (PT.26)
> On For: Motion #009 / Action:
> Plaintiff Attorney: COHEN & PERFETTO, LLP
> Defendant Attorney: ERIC RICHMOND - Prose
> **(emphasis added)**

Absent the lifting of the stay, the New York Appellate Department could grant more time to perfect appeals reinstated on December 24, 2014.

> On the Court's own motion, it is
> ORDERED that so much of the decision and order on motion of this Court dated October 21, 2013, entitled "In the Matter of Dismissal of Causes for Failure to Perfect - October 2013 Calendar" as dismissed appeals by the defendant Eric Richmond from three orders of the Supreme Court, Kings County, dated October 24, 2012, December 19, 2012, and January 14, 2013, respectively, is recalled and vacated and the appeals are reinstated.
> ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Absent the "serial" designation being appealed from, Appellant would be innocent till proven guilty in any further Bankruptcies as opposed to guilty until proven innocent. The

removal of a "Scarlet Letter" from appellant is an "effectual relief".

Absent the lifting of the stay, the damages, under New York Judiciary Law 487, on an attorney stand to be on the order of magnitude of $1,000,000 instead of $48,000,000. The $1,000,000 represents an approximation of three times legal fees and the $48,000,000 represents three times the buildings value when sold (10 times the amount paid upon successful bid from Appellee Exhibit #2 (Referee Report). Why bring a $1,600,000 check to an auction unless the property is worth $16,000,000?). Unwinding the stay will inevitably be integral to assessing the damages.

> N.Y. JUD. LAW § 487 : NY Code - Section 487: Misconduct by attorneys
>
> An attorney or counselor who: 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or, 2. Wilfully delays his client's suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for, Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, **he forfeits to the party injured treble damages**, to be recovered in a civil action. **(emphasis added)**

### C. EQUITABLE MOOTNESS
**due process - void, moot, fairness and greater injustice**

Equitable mootness is often an issue in appeals of Chapter 11 plans whereby an appeal of an un-stayed action such as a confirmed plan would be onerous to large numbers of entities that relied on the confirmation order and where events have made it impossible or

unfair to grant the appeal. None of these issues are present here. No plan has been confirmed and, as such, no parties could have relied on any plan. Since this appeal does not deal with a confirmed plan, equitable mootness is inappropriate in this case.

But maybe that would apply to a sale.

> "[U]nder New York law a debtor loses all equitable and legal interest in real property **validly sold** at foreclosure." Ghosh v. Financial Fed. Sav. & Loan Ass'n (In re Ghosh), 38 B.R. 600, 602 (Bankr. E.D.N.Y., 1984). See also, In re Cerrato, 504 BR 23 (Bankr. E.D.N.Y., 2014); In re Salov, 510 BR 720 (Bankr. S.D.N.Y., 2014).
> **(emphasis added)**

Note the operative term, **validly sold**. That makes it not an absolute. All sales are not valid. If not, what could make it not validly sold? If it was done in violation of a stay, that would do it. No actually questions that. But if it is sold while a stay is lifted, that's it, right? Generally that would be true. But what we have here is an exception, an allegation of a violation of due process by the courts in the lifting of the Chapter 13 stay and an allegation of a violation of due process in the denial of the motion to stay pending appeal. What happens if the sale is only possible by violation of due process by the courts? It has been found that sales of assets when a stay is lifted in violation of due process, such as where proper notice was not afforded a party, are void and not subject to the concept of finality.

## IN RE BLUMER 66 B.R. 109 (B.A.P. 9th Cir. 1986)

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 314, 70 S.Ct. at 657.

## IN RE KRUEGER 88 B.R. 238 (B.A.P. 9th Cir. 1988)

11 U.S.C. § 1307(c). The Code provides that "after notice and a hearing" means: "such notice as is appropriate in the particular circumstances and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. section 102(1)(A).

...

"An order is void if it is issued by a court in a manner inconsistent with the due process clause of the Fifth Amendment. *See, e.g., Blumer,* 66 B.R. at 113; *In re Whitney-Forbes, Inc.,* 770 F.2d 692 (7th Cir. 1985) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure,* section 2862, page 200, (1973)). Accordingly, in this case Judge Elliott properly vacated the dismissal order that had been issued in violation of the Debtor's due process rights."

...

"In our view, because the order dismissing the case was void, the stay was continuously in effect from the date the petition was filed. Therefore, the foreclosure sale was held in violation of the stay. Acts taken in violation of the automatic stay are generally deemed void and without effect. *Kalb v. Feuerstein,* 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370, 376 (1940); *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816 (9th Cir. 1985); *In re Albany Partners Ltd.,* 749 F.2d 670, 675 (11th Cir. 1984). Accordingly, the foreclosure sale should have been set aside on this basis."

...

"The Panel concludes that the order dismissing the case was void for lack of due process. Therefore, the stay was continuously in effect from the time of the filing of the petition and the foreclosure sale was held in violation of the stay. Accordingly, the bankruptcy judge correctly set aside the foreclosure sale."

> **Because the foreclosure sale was void, we do not reach the issue of whether 11 U.S.C. § 105 empowers a bankruptcy court to set aside a foreclosure sale. (emphasis added)**

*In Re: Thomas John Slyman Debtor. Turtle Rock Meadows Homeowners Association v. Thomas John Slyman, 234 F.3d 1081 (9th Cir. 2000)* summarizes the issues:

> The bankruptcy court properly turned for guidance regarding the effect of vacating the dismissal to Great Pacific Money Markets, Inc. v. Krueger (In re Krueger), 88 B.R. 238 (B.A.P. 9th Cir. 1988), a case with closely analogous facts. In Krueger, the bankruptcy

court dismissed the debtor's bankruptcy because the debtor failed to appear at a confirmation hearing. The debtor later demonstrated that he "had not been notified" of the hearing and the bankruptcy court vacated its order of dismissal on this basis. The court found that dismissal of a case because a debtor failed to attend a meeting of which he "had not been notified" violated due process. Id. at 240-41. Accordingly, the order of dismissal in Krueger was void, "the stay was continuously in effect from the date the petition was filed," and a foreclosure sale executed between the dismissal order and its subsequent vacation was "without effect." Id. at 241.

What is at stake here is whether a void sale can render an appeal moot and how finality and fairness and equity are best preserved.

What are the ramifications of a court violating due process? Blackstone's ratio says "*It is better that ten guilty persons escape than that one innocent suffer*". We have such a situation. The society as a whole would be damaged irretrievably if the violation of law by the court (due process) is allowed to stand to allow any party to profit at the expense of those wronged by the courts in this fashion. If the alleged due process violation occurred in the order under appeal that lifted the stay, the trust in the court system would be permanently damaged if that is not addressed.

The confidence in the un-biased judiciary is more important than whether a sale gets unwound and a developer gets their money back from a title company.

We have not even addressed if the "buyer" was without notice, but given that the Appellate Department recalled and vacated dismissal of relevant appeals it would seem that the buyer was on constructive notice as to the subject matter jurisdiction claims as it happened almost a full month before the "sale."

### IV Conclusion

The Appellant has appealed the dismissal of the Chapter 13 Order Lifting Automatic Stay and the denial of the motion to Reconsider the Order. The Chapter 13 Appeals seek what is eminently within the power of the District Court, the reversal of dismissal on due process grounds.

As vacating a contempt decision, avoiding threatened incarceration, extending appeal time in state court, removal of the "serial filer" Scarlet Letter and mitigating damages down to approximately $1,000,000 from $48,000,000 are effectual reliefs that do not require vacating a sale, Constitutional Mootness does not apply.

As mootness cannot reasonably be the result of a void decision brought on by the courts actions depriving Appellant of due process and it is unproven that the sale was a "valid sale" and it has not been shown by notice and hearing that the purchaser is a "bonafide purchaser for value without notice", Equitable Mootness does not apply.

As neither Constitutional Mootness nor Equitable Mootness apply in this case the court should not dismiss any of the Chapter 13 Appeals.

In addition, since the court took as true without opportunity for review or rebuttal a "blog" as the basis of the Order to Show Cause, this court should not dismiss anything without either this court issuing an Order to Show Cause with properly obtained information or the Appellee should make such a motion directly.

As the appeals are demonstrably live, viable and not Constitutionally or Equitably Moot, the court should not enter any order dismissing either No. 1:14-cv-0597 (BMC); No. 1:14-cv-7112 (BMC).

Dated February 20, 2015                Respectfully submitted,

                                       By: *[signature]*
                                       ERIC RICHMOND
                                       APPELLANT, PRO SE

**CERTIFICATE OF SERVICE**

I certify that on February 20, 2015, I served the foregoing RESPONSE OF APPELLANT, ERIC H. RICHMOND, TO ORDER TO SHOW CAUSE via the regular United States mail on the following:


Department Of Justice
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, NY 10014
ATTN: William Curtin

Glenn P. Warmuth, Esq. Stim & Warmuth, P.C.
2 Eighth Street Farmingdale, NY 11738

Michael Macco - Trustee
135 Pinelawn Road, #120 South
Melville, NY 11747

*Dated February 20, 2015*  By: _____
                                ERIC RICHMOND
                                APPELLANT, PRO SE