UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
ERIC H. RICHMOND,

                        Appellant,

        -against-

P.B. #7, LLC,

                        Appellee.
------------------------------------------------------------ X

15 Civ. 00447 (WFK)

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that upon the annexed **MOTION TO RECONSIDER** dated April 1, 2015 of an **ORDER DISMISSING CHAPTER 13 APPEAL** *entered* March 4, 2015 and **PROOF OF SERVICE** filed herewith, the undersigned Eric Richmond moves via these papers for **RECONSIDERATION** of the **ORDER DISMISSING CHAPTER 13 APPEAL** *entered* March 4, 2015.

Dated: Brooklyn, New York - April 1, 2015

By: _____
ERIC RICHMOND
APPELLANT, PRO SE

To:

Glenn P. Warmuth, Esq. Stim & Warmuth, P.C.
2 Eighth Street Farmingdale, NY 11738

Michael Macco - Trustee
135 Pinelawn Road, #120 South
Melville, NY 11747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
ERIC H. RICHMOND,

                Appellant,

      -against-                          : 15 Civ. 00447 (WFK)
P.B. #7, LLC,

                Appellee.
------------------------------------------------------- X

## MOTION TO RECONSIDER / VACATE MARCH 4, 2015
## SUA SPONTE ORDER DISMISSING CHAPTER 13 APPEAL

### TITLE VII.JUDGMENT - Rule 59. New Trial; Altering or Amending a Judgment

### STANDARD OF REVIEW IN 2ND CIRCUIT

The Second Circuit requires, as a rule, one of three tests to be satisfied: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."

### TITLE VII. JUDGMENT › Rule 60. Relief from a Judgment or Order

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (4) the judgment is void;

    (6) any other reason that justifies relief.

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:
    (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

### COURT FINDINGS

1.    This court made no findings in dismissing the instant appeal.

2.    As the court did not issue a written order, one is not attached as an exhibit.

### RULE 59 - Clear Error # 1
### Sua Sponte dismissal of case without notice

3.    PB #7 requested this court's permission to reassign the case (DOCKET #4).

4. This court denied that request.

ORDER denying Motion to Reassign Case. So Ordered by Judge William F. Kuntz, II on 2/26/2015. (Kuntz, William)

5. Somehow, in a way not discernable to this pro se litigant, the very same paper, received and stamped by Judge Cogan on March 4, 2015 (DOCKET #5), made its way onto this docket on March 4, 2015.

6. As the paper is identical, the result should have been, **IDENTICAL**.

7. The case was, however, dismissed for unstated reasons.

ORDER DISMISSING CASE. So Ordered by Judge William F. Kuntz, II on 3/4/2015. (Kuntz, William)

8. Neither in the paper filed on Feb 26, 2015, which was dismissed, nor the **IDENTICAL** paper entered March 4, 2015, is dismissal requested.

9. That is, unless the filing of a paper by Judge Cogan is a coded message.

10. Therefore, the sua sponte dismissal was without notice by the court and not even requested by any party, notice or not.

11. A sua sponte dismissal without notice is a violation of due process in that notice and opportunity to be heard, the hallmarks of due process, were not present.

## Rule 59 - Clear Error #2 -
## 7 days between filing of motion and decision on motion not provided.

12. EDNY Local Rules requires that 7 days be provided to respond to such a motion (https://img.nyed.uscourts.gov/files/local_rules/localrules.pdf)

> **50.3.1** - ... After such an application is made, any other party may serve and file within seven (7) days a letter of no more than three single-spaced pages supporting or opposing the application.

13. As the case was dismissed, not even what was requested, on the same day the motion March 4, 2015 motion was filed, 7 days was not provided.

14. Even, in arguendo, if one counts the first appearance of the paper not requesting dismissal, Feb 26 +7 = Mar 5, required at least one more day to respond.

15. Clearly 7 days notice was not provided.

16. It should be noted that the Feb 26 paper was denied making any opposition papers unnecessary. The only real date for the seven days to count from is March 4.

### Rule 59 - Clear Error #3 - Statutory good faith contact requirement not followed.

17. Statute requires that movant contact the movee and request movee consent to motion **PRIOR** to filing motion.

> **50.3.1** - ...Before making such an application, the applicant must confer in good faith with all other parties in an effort to reach an agreement on whether or not the case is "related".

18. Movant, PB #7, made no contact or request prior to or after filing motion to request anything from Appellant, let alone consent.

### Rule 59 - Manifest Injustice #1 - Hearing without notice by the court or opportunity to be heard in front of the court.

19. It should go without saying that failure to provide notice and opportunity to be heard in a sua sponte dismissal are manifest injustices.

### Rule 59 - Manifest Injustice #2 - Decision rendered absent compliance with local rules.

20. The lack of statutorily mandated time to oppose treatment as related cases or the required good faith effort by opposing counsel were not provided and resulted in a violation of Appellants due process rights.

### Rule 60 b 1 - (1) mistake, inadvertence, surprise, or excusable neglect;

21.  It seem clear that a sua sponte dismissal without notice or opportunity to be heard is a mistake and that movee was caught by surprise.

### Rule 60 b 1 - (4) the judgment is void;

22.  A sua sponte, without notice and opportunity to be heard, decision granting what was not requested is without jurisdiction, and thereby, void.

23.  Any decision without notice or opportunity to be heard is void, *ab initio*.

**WHEREFORE**:

As the court has made clear errors and there exist manifest injustices and the decision is void by virtue of the nature of those errors and injustices, Appellant requests that the the decision dismissing the instant appeal be adjudged void, the motion to reconsider be granted and for any other relief this court finds just and proper.

Sworn to this date:  Brooklyn, NY
April 1, 2015

By: _____
Eric Richmond
Appellant, pro se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
ERIC H. RICHMOND,

                Appellant,

                                                      15 Civ. 00447 (WFK)

        -against-

P.B. #7, LLC,

                Appellee.
------------------------------------------------------------ X

## AFFIRMATION IN SUPPORT OF MOTION TO RECONSIDER

Appellant believes that, had the District Court not made these clear errors or manifest injustices regarding notice, opportunity be heard and violation of statute regarding reassignment of cases, the Court would have found differently, namely that the instant appeal should not have been dismissed sua sponte without notice and opportunity to be heard.

As such Appellant requests that the court grant the motion to reconsider/vacate the sua sponte decision to dismiss the Chapter 13 Bankruptcy Appeal and any other relief that the court deems just and proper.

DATE:     Brooklyn
              April 1, 2015                                     Sincerely,

                                                                                                             _____
                                                                                                             Eric Richmond
                                                                                                             Appellant, pro se

## CERTIFICATE OF SERVICE

I certify that on April 1, 2015, I served the foregoing
**MOTION TO RECONSIDER MARCH 4, 2015
ORDER DISMISSING CHAPTER 13 APPEAL**
via the regular United States mail on the following:


Glenn P. Warmuth, Esq. Stim & Warmuth, P.C.
2 Eighth Street Farmingdale, NY 11738

Michael Macco - Trustee
135 Pinelawn Road, #120 South
Melville, NY  11747

Dated April 1, 2015     By: _____
                            ERIC RICHMOND
                            APPELLANT, PRO SE