```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ERIC H. RICHMOND,                       :
                    Appellant,          :
                                        :
         -against-                      :
P.B. #7, LLC,                           : 15 Civ. 00447 (WFK)
                    Appellee.           :
----------------------------------------X
```

## MOTION TO RECONSIDER DENIAL OF MOTION
## TO EXTEND TIME TO APPEAL DISMISSAL OF APPEAL - DOCKET #10

Pursuant to: Federal Rules of Civil Procedure> TITLE VII. JUDGMENT

Rule 59. New Trial; Altering or Amending a Judgment

### STANDARD OF REVIEW IN 2ND CIRCUIT

1. The Second Circuit requires, as a rule, one of three tests to be satisfied, one of which is:

   "... the need to correct a clear error or prevent a manifest injustice.'"

### CLEAR ERROR AND MANIFEST INJUSTICE #1 -- THE COURT HAS GIVEN NO REASON NOR FILED ANY DECISION FOR REVIEW.

2. Without actually giving notice of intent to dismiss the appeal or opportunity to be heard regarding the un-noticed intent to dismiss the appeal this court seemingly dismissed the appeal without a hearing, filing a decision or even mailing a decision to the *pro se* Appellant.

3. In addition, the motion for reconsideration was denied, again without any filed decision or any mailing a decision to the *pro se* Appellant.

4. Absent a filed or mailed decision in the dismissal or the reconsideration this court has barred the courthouse doors without any reason, a clear violation of due process.

5. Due process is not a perfunctory annoyance to be treated lightly but societal bedrock.

6. The hallmarks and *de minimus* definition of due process are notice and opportunity to be heard, both of which this court has stripped away from the DEBTOR eliminating equal treatment under the law.

> --No State shall ... deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. *Fourteenth Amendment to the United States Constitution*, sec. 1 (1868).

> --But when notice is a person's due, process which is a mere gesture is not 'due process.' - Robert H. Jackson, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

> --Whatever disagreement there may be as to the scope of the phrase "due process of law" there can be no doubt that it embraces the fundamental conception of a fair trial, with opportunity to be heard. - Oliver Wendell Holmes, Jr., *Frank v. Magnum*, 237 U.S. 309, 347 (1915).

> --For me, the only correct meaning of that phrase is that our Government must proceed according to the 'law of the land'—that is, according to written constitutional and statutory provisions as interpreted by court decisions. - Hugo Black, dissenting, *In Re Winship*, 397 U.S. 358 (1970).

> --Due process is a growth too sturdy to succumb to the infection of the least ingredient of error. - Benjamin N. Cardozo, *Roberts v. New York*, 295 U.S. 264, 278 (1935).

7. It would seem clear that an appellant, *pro se* or not, is entitled to notice of intent to dismiss, an opportunity be heard on that intent to dismiss, a written dismissal stating something about the reasoning and a written decision on the motion to reconsider evaluating, *de minimus*, the arguments raised in the motion to reconsider.

8. None of these have occurred.

## CONCLUSION:

Appellant has shown that due process was repeatedly violated and, apparently, the courthouse doors are barred to the appellant. In addition the odd circumstance of dismissing a case when the only motion in the case was for reassignment is uncommon and this Appellant

needs more time to figure out why this occurred, how it is possible and if it is a jurisdictional violation stripping this court of any powers.

**WHEREFORE** as the clear due process error and manifest injustice in not giving any notice or opportunity to be heard, rendering any physical decisions or mailing any physical decisions have made it impossible to ascertain what to appeal and this court's recalcitrance to address the Appellant directly, the APPELLANT requests that this **MOTION TO RECONSIDER DENIAL OF MOTION TO EXTEND TIME TO APPEAL DISMISSAL OF APPEAL** be granted and; any other relief that this court deems just and proper.

Affirmed this date: June 12, 2015

_____
Eric Richmond, APPELLANT
brooklynlyceum@gmail.com
227 4th Avenue
Brooklyn, NY 11215